J-S20025-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| DANNY RAY SWIFT | : | |
| | : | |
| Appellant | : | No. 1094 WDA 2021 |

Appeal from the PCRA Order Entered August 18, 2021
In the Court of Common Pleas of Erie County
Criminal Division at CP-25-CR-0003503-2016

BEFORE:  NICHOLS, J., MURRAY, J., and KING, J.

MEMORANDUM BY MURRAY, J.:                    **FILED:  July 12, 2022**

Danny Ray Swift (Appellant) appeals from the order dismissing his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

In June 2017, a jury found Appellant guilty of seven counts of cruelty to animals, three counts of animal fighting, and one count each of possession of animal fighting paraphernalia and possession of an instrument of crime.[1] Appellant's retained trial counsel was Anthony H. Rodrigues, Esquire (Attorney Rodrigues or trial counsel).

---

[1] ***See*** 18 Pa.C.S.A. § 5511(c)(1), ***repealed by*** Act of June 28, 2017, P.L. 215, No. 10 (Act 10), § 3; 18 Pa.C.S.A. § 5511(h.1), ***repealed by*** Act 10, § 3; 18 Pa.C.S.A. § 5511(h.2), ***repealed by*** Act 10, § 3; 18 Pa.C.S.A. § 907(a).

At trial, the Commonwealth presented evidence that after receiving a report of pit bull dogs fighting in Appellant's back yard, police seized 14 dogs from Appellant's property; each dog required considerable veterinary care. After executing a search warrant, police discovered dog fighting paraphernalia on Appellant's property. The Commonwealth also presented testimony from an expert witness in the field of animal fighting/animal cruelty, Deborah Jugan, Esquire (Jugan). She opined that the evidence indicated Appellant was engaged in dog fighting. Finally, according to a separate Commonwealth expert in the field of computer forensics, Erie County Detective Anne Styn (Detective Styn), Appellant had previously uploaded comments on an internet website that inculpated him in dog fighting.

Appellant presented the testimony of several witnesses, including Thomas Guffey (Guffey), who the trial court qualified as an expert in animal fighting.[2] Guffey disagreed with Jugan's testimony. Guffey stated he had viewed Appellant's property, and opined that Appellant's dogs were appropriately cared for, and Appellant engaged them in agility training, not fighting.

Following his conviction on August 3, 2017, the trial court sentenced Appellant to an aggregate of 10 – 20 months of incarceration, followed by

---

[2] Guffey, a resident of the State of Virginia, had previously worked as a confidential informant for several law enforcement agencies, and testified in animal fighting cases. *See* N.T., 6/22/17, at 10-13.

eight years of probation. The court also ordered Appellant to pay restitution of approximately $54,700. This Court affirmed Appellant's judgment of sentence, and the Supreme Court of Pennsylvania denied allowance of appeal. *Commonwealth v. Swift*, 195 A.3d 996 (Pa. Super. 2018) (unpublished memorandum), *appeal denied*, 202 A.3d 40 (Pa. 2019).

On February 12, 2020, Appellant timely filed the instant, counseled PCRA petition. Appellant raised numerous claims of trial counsel's ineffectiveness, including the following:

> Trial counsel erred in failing to object to the information that was taken from the internet, purported to be comments posted by [Appellant (hereinafter, the internet posts)], and failed to cross examine the Commonwealth's witness[, *i.e.*, Detective Styn,] regarding how the Commonwealth decided that the screen name [under which the internet posts were submitted] belonged to [Appellant].

PCRA Petition, 2/12/20, ¶ 20.

Pertinently, the PCRA court explained:

> At an *in camera* pretrial hearing held at [Appellant's] behest to address the authentication of the internet posts, the Commonwealth presented the testimony of Detective [] Styn as an expert witness in the field of computer forensics. *See* [N.T., 6/19/17, at] 38-60. Detective Styn explained her method for authenticating computer documents:
>
>> Specifically with user names online, I would go onto a website, be able to look for indicators and identifiers that relate directly to the individual that I believe is posting these. I would look at user names specifically, the posts that were created, … [and] what kind of material was found within the post itself to be able to link them to an individual.
>
> *Id.* at 44. Detective Styn then testified step-by-step how she had used the method to connect [Appellant] to the user name

- 3 -

"swiftnhbfighter" and the internet posts at issue. *Id.* at 44-59; 66-70. Detective Styn explained she had located an online account with the user name "swiftnhbfighter" on the website *mixedmartialarts.com*, a/k/a The Underground. *Id.* at 45. Detective Styn reviewed the [internet] posts made by swiftnhbfighter, one of which included a thread titled "Dan Swift versus Kenny Savercool." *Id.* at 46. In the thread, user swiftnhbfighter posted, "Dan Swift versus Kenny Savercool, this was my last tournament as a purple belt. This was a sub only tourney in West Virginia." *Id.* Swiftnhbfighter also included a link to a YouTube video of a mixed martial arts (MMA) fight between [Appellant] and Kenny Savercool. *Id.* Another post by swiftnhbfighter contained a reference to the fighter name of "Pennsylvania Hitman," which led Detective Styn to [Appellant's] MMA biography. *Id.* at 50. The information on the biography included [Appellant's] birthdate, height, weight, and hometown of Erie, Pennsylvania. *Id.* This information was corroborated on another MMA website, *sherdog.com*. *Id.* Detective Styn testified the information on the biographies matched [Appellant's] biographical information. *Id.*

Further searching led Detective Styn to **four separate posts related to dog fighting made by the user swiftnhbfighter in 2014**. *Id.* at 52-59. Detective Styn testified **the** [**internet**] **posts referencing dog fighting were deleted on August 8, 2016, less than a week after** [**Appellant**] **was arrested**. *Id.* at 55-59[; *see also id.* at 56, 61-62 (explaining a website user must enter their username and password to edit or delete a post; the website owner cannot).] Detective Styn concluded:

> Based on my training and experience, my conclusion is that swiftnhbfighter is [Appellant] based off the posts from December 2, 2011, at 5:55 p.m. where a video was provided of [Appellant] … in a fight with Kenny Savercool …, and another post where swiftnhbfighter refers to a fighter name of Pennsylvania Hitman, and then finding out that Pennsylvania Hitman is the fighter name for [Appellant.]

*Id.* at 59.

Notice of Intent to Dismiss PCRA Petition, 9/23/20, at 19-20 (emphasis added). The trial court had found the internet posts possessed an indicia of reliability and admitted them.

Appellant's PCRA counsel filed a supplemental PCRA petition on March 30, 2020, raising additional claims of ineffectiveness related to trial counsel and Appellant's direct appeal counsel. The Commonwealth filed a brief in opposition on June 8, 2020.

On September 23, 2020, the PCRA court issued its 22-page Pa.R.Crim.P. 907 notice of intent to dismiss, opining that all of Appellant's claims lacked merit. On October 13, 2020, Appellant filed objections to the Rule 907 notice. Appellant successfully requested that the PCRA court grant him additional time to "obtain[] an affidavit from his expert witness, [] Guffey, that would prove [Guffey] made the comments on the internet," *i.e.*, under the username "swiftnhbfighter." Objections, 10/13/20, at ¶ 4.

On March 12, 2021, Appellant filed a supplement to his PCRA petition with an attached affidavit signed by Guffey (the Affidavit). The Affidavit provided, in relevant part, as follows:

> In connection with my employment, I worked on a sting in West Virginia that lead [*sic*] me to find [Appellant] as a person who could give me assistance with finding individuals who were participating in dog fighting. As part of that sting, [Appellant] agreed to give me his login information for [the website *mixedmartialarts.com*.] …
>
> At [Appellant's] trial, the prosecution provided certain postings from that website that were posted under [Appellant's] login information, but **I was the person that posted the**

**comments regarding dog fighting** and, in fact, [Appellant] specifically told me he didn't want anything to do with dog fighting. I personally posted the information referred to at trial that was alleged to be [Appellant's] postings.

**Prior to trial**, **I told** [**trial counsel**] … **that I made those postings** and that he could ask me questions pertaining to my postings at trial. He did not ask me any questions regarding this issue at [Appellant's] trial.

Supplement to PCRA Petition, 3/12/21, Ex. 1 (the Affidavit) (emphasis added; paragraph numbering and some breaks omitted). The Commonwealth filed a brief in opposition on June 24, 2021.

On July 16, 2021, the PCRA court issued a second Rule 907 notice. The court rejected all of Appellant's claims, including the claim related to Guffey. Appellant did not file a response. On August 18, 2021, the PCRA court denied relief. This timely appeal followed. Appellant and the PCRA court complied with Pa.R.A.P. 1925. Appellant presents the following question for our review:

[Whether] the [PCRA] court erred in failing to find that trial counsel was ineffective in failing to object to and/or challenge the internet message board postings purported to be made by [Appellant,] especially in light of the Affidavit presented to the court signed by Thomas Guffey[?]

Appellant's Brief at 1.

When reviewing an order dismissing a PCRA petition, we examine whether the determination of the PCRA court is supported by the record and free of legal error. **Commonwealth v. Maxwell**, 232 A.3d 739, 744 (Pa. Super. 2020) (*en banc*). We review the PCRA court's decision for an abuse of discretion. **Commonwealth v. Roney**, 79 A.3d 595, 603 (Pa. 2013). We

- 6 -

"view the evidence of record in a light most favorable to the Commonwealth, as the prevailing party below." ***Commonwealth v. Flor***, 259 A.3d 891, 902 (Pa. 2021) (citation omitted).

Appellant argues trial counsel was ineffective for "failing to object to and/or challenge the internet … postings purported to be made by [Appellant]." Appellant's Brief at 6. The Pennsylvania Supreme Court has explained that to be

> entitled to relief on an ineffectiveness claim, a PCRA petitioner must establish: (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) he suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability the result of the proceeding would have been different. ***Commonwealth v. Chmiel***, 612 Pa. 333, 30 A.3d 1111, 1127 (Pa. 2011) (employing ineffective assistance of counsel test from ***Commonwealth v. Pierce***, 515 Pa. 153, 527 A.2d 973, 975-76 (Pa. 1987)). Counsel is presumed to have rendered effective assistance. Additionally, counsel cannot be deemed ineffective for failing to raise a meritless claim. Finally, because a PCRA petitioner must establish all the ***Pierce*** prongs to be entitled to relief, we are not required to analyze the elements of an ineffectiveness claim in any specific order; thus, if a claim fails under any required element, we may dismiss the claim on that basis.

***Commonwealth v. Treiber***, 121 A.3d 435, 445 (Pa. 2015) (some internal citations omitted).

Appellant emphasizes Guffey's statement in the Affidavit that he, not Appellant, uploaded the internet posts to the MMA website. Appellant's Brief at 7-8; ***see also*** Supplement to PCRA Petition, 3/12/21, Ex. 1 (the Affidavit). Appellant complains that at trial, counsel "did not specifically ask Mr. Guffey

- 7 -

about whether he had made any posts under [Appellant's] name." Appellant's

Brief at 7. Appellant claims:

> If [trial] counsel had elicited the information included by Mr.
> Guffey in his [A]ffidavit, it would not have been cumulative, it
> would not have been used solely to impeach Mr. Guffey's
> credibility, and clearly could have changed the jury's decision in
> this case.

*Id.* at 8.

The PCRA, 42 Pa.C.S.A. § 9543(a)(2)(vi), permits relief where the

petitioner proves by a preponderance of the evidence that the conviction or

sentence resulted from the "unavailability at the time of trial of exculpatory

evidence that has subsequently become available and would have changed

the outcome of the trial if it had been introduced." *Id.*; *see also*

*Commonwealth v. Small*, 189 A.3d 961, 968 (Pa. 2018). Here, the record

reveals Detective Styn detailed to the jury at trial her investigation of the

internet posts. *See* N.T., 6/20/17, at 200-15, 224-28. One of the posts,

uploaded by user "swiftnhbfighter" and admitted as Commonwealth Exhibit

35, stated:

> That's awesome you owned [a certain dog's] mother. My bitch off
> Geachiman is a straight murdered. Killed three already everyone
> of the rolls didn't even go ten minutes. She looks a lot like Geach.
> I'm sending her out of the country to be shown soon. Hopefully it
> goes good. She's a big bitch though. She's 50-52 on the chain.
> Looking like we will have to show her at 46 or 47, maybe 45. My
> man … that's showing her is a beast at conditioning, so I'm gonna
> let him make the final call.

*Id.* at 212. Detective Styn testified this post, like the other internet posts

implicating dog fighting, were edited by user swiftnhbfighter merely six days

after Appellant's arrest, and replaced with three periods. *Id.* at 209, 212, 215; *see also id.* at 203, 214, 218-19 (Detective Styn explaining that only a website user, in possession of a username and password, can upload, edit, or delete posts).

Trial counsel vigorously challenged authentication of the internet posts, and cross-examined Detective Styn regarding them. *See* N.T., 6/19/17, at 60-66; N.T., 6/20/17, at 215-224, 228-31; *see also* Notice of Intent to Dismiss PCRA Petition, 9/23/20, at 16 ("Trial counsel objected to and thoroughly challenged the authentication of the internet [posts]"), and 17 ("During cross-examination, trial counsel exhaustively questioned Detective Styn regarding how she had connected [Appellant] to the internet posts."). Detective Styn also agreed with trial counsel's hypothetical that "someone could have opened an account [on the MMA website] other than [Appellant] under the name swiftnhbfighter[.]" N.T., 6/20/17, at 217; *but see also id.* (Detective Styn clarifying: "[B]ut they would also have to open the account back in 2011 and post that information in … 2014").

Guffey testified for the defense regarding the internet posts. *See* N.T., 6/22/17, at 72-88. On cross-examination concerning the meaning of the language used in the internet post at Commonwealth Exhibit 35 (*see supra*), Guffey responded: "**I didn't write it.** I don't know … what [swiftnhbfighter's] exact intentions were." *Id.* at 64 (emphasis added); *but see also id.* (Guffey stating on direct: "I've never seen any proof … that [Appellant] is the one

that wrote those posts."). The following exchange then occurred on cross-examination, regarding the language of the internet post at Commonwealth Exhibit 35:

Q. Schooling is dog fighting, correct?

A. Yes.

* * *

Q. So when a sentence says killed three already, every one of the rolls didn't even go ten minutes, that means that the dog Geachiman killed three other dogs in a schooling exhibition, correct?

A. Yes, sir.

*Id.* at 64-65.

The prosecutor also questioned Guffey about a separate internet post by swiftnhbfighter, admitted as Commonwealth Exhibit 36:

Q. Okay. Let's go to 36. Another post[, which states: "M]y kennel had a few that we got out of the classified section that people were giving … for free cause it was aggressive for whatever the reason. We tried a few out and they won a match or two.["] Winning a match or two … [means] dog fighting, correct?

A. Could be, yes, sir.

Q. Could be? … Well, what else if it's not dog fighting[;] … what do you want to tell the jury it is now?

A. I … have no idea. **I didn't write the post**.

*Id.* at 66-67 (emphasis added).

- 10 -

Further, during Guffey's testimony on direct examination, trial counsel asked him: "**Anything else you want to tell this jury, Mr. Guffey?**" *Id.* at 45 (emphasis added). Guffey responded:

I have testified against dog fighters numerous times. I've taken down … Ed Faron. … He actually wrote books on how to repair dogs after dog fighting. One of the biggest names in the game, took him down. You know, 144 dogs seized. … They used my testimony in court. I cannot stand a dog fighter. … They're the lowest form of person on earth.

*Id.* at 45.

**Guffey never testified he authored any of the internet posts, which is directly contrary to his statement in the Affidavit**. *Compare id.* at 64 (Guffey stating he "didn't write" the post at Commonwealth Exhibit 35), *and id.* at 67 (Guffey stating he "didn't write the post" at Commonwealth Exhibit 36), *with* Supplement to PCRA Petition, 3/12/21, Ex. 1 (the Affidavit) (Guffey claiming, "I was the person that posted the comments regarding dog fighting."). Accordingly, we are unpersuaded that Appellant was entitled to relief under 42 Pa.C.S.A. § 9543(a)(2)(vi). To the contrary, we are persuaded by the Commonwealth's argument:

Throughout his arguments, Attorney Rodrigues routinely brought up and argued that the [internet] postings the Commonwealth intended to present could have been posted by another. Despite this recurring argument, Attorney Rodrigues did not indicate once that Mr. Guffey was in fact the poster. The Commonwealth would argue that it is hard to believe that in over 100 pages of advocacy associated with authentication of [the internet] posts that Attorney Rodrigues did not indicate, hint at, or opine that he had such knowledge if he in fact did. … If, in fact, [Guffey] had told Attorney Rodrigues that he, not Appellant, made the postings, [Guffey] could have disclosed that when asked fairly open ended

questions about them. … Attorney Rodrigues could not have been ineffective for failing to question Mr. Guffey regarding false statements about which he was unaware.

Commonwealth Brief at 10-11.

Even if Appellant's ineffectiveness claim had merit, he cannot prove he was prejudiced by trial counsel's failure to adequately question Guffey. The Commonwealth presented such overwhelming evidence of Appellant's guilt that any resulting prejudice would not have altered the outcome of the trial. *See*, *e.g.*, *Commonwealth v. Molina*, 897 A.2d 1190, 1195 (Pa. Super. 2006) (a claim of defense counsel's ineffectiveness fails to establish the prejudice prong where evidence of defendant's guilt was overwhelming (citation omitted)); *see also Treiber*, *supra* (a petitioner cannot prevail on a claim of ineffectiveness unless they prove all three prongs of the test). As the PCRA court concluded,

> Based upon a thorough review of the record, assuming Guffey had testified at trial consistent with the recently-produced Affidavit, [Appellant] failed to establish a reasonable probability that any failure to present such testimony would have resulted in a different outcome. There was no prejudice to [Appellant] in any failure to present testimony of Guffey along the lines of the contents of the Affidavit.

Second Notice of Intent to Dismiss, 7/16/21, at 6 (some capitalization altered). We agree. Indeed, in previously affirming Appellant's judgment of sentence on direct appeal, this Court held the "**evidence proving [Appellant] guilty of the crimes charged was overwhelming**." *Swift*, 195 A.3d 996, at *15 (emphasis added; citation omitted). We adopt our prior

reasoning here. *See id.* at **16-19 (emphasizing evidence of (a) the poor condition and injuries of the 14 dogs found on Appellant's property; (b) Detective Styn's testimony that Appellant authored the internet posts at issue and deleted them shortly after his arrest, evidencing his consciousness of guilt; (c) Appellant's neighbors' testimony describing seeing him train dogs by having them jump and bite onto a rope hanging from a tree; and (d) Jugan's expert opinion that Appellant was engaged in dog fighting).

Based on the foregoing, the PCRA court did not abuse its discretion in denying relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/12/2022